UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON DAVID VAN COILLIE,

    Plaintiff,

v.                                                                                      Case No. 22-CV-11216

SANDRA A. HARRISON

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is Defendant Sandra A. Harrison's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 6). The court has reviewed the relevant filings[1] and finds a hearing is not necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the court will grant Defendant's motion.

**I.  BACKGROUND**

Pro se Plaintiff Jason David Van Coillie is the ward in a guardianship proceeding in Macomb County Probate Court, of which Defendant is the presiding judge (ECF No. 1, PageID.3-4). Plaintiff alleges that Defendant improperly refused to dismiss the matter for lack of personal jurisdiction, reasoning that Plaintiff "live[s] in [her] area," and ordered

---

[1] The court reviews not only Plaintiff's response (ECF No. 8) and Defendant's reply (ECF No. 9), but also: Plaintiff's "Motion for Leave to File Sur-Reply on Respondents' Motion to Dismiss" (ECF No. 11) and Defendant's response thereto (ECF No. 13); Plaintiff's "Response to Defendant Sandra A. Harrison's Brief in Reply to the Response to Her Motion to Dismiss" (ECF No. 12); and Plaintiff's "Response to Defendant Sandra A. Harrison's Response to Plaintiff's Motion to File a Sur-Reply" (ECF No. 14). As Plaintiff has filed a sur-reply (indeed, twice), his motion for leave to do so (ECF No. 11) is effectively denied as moot.

guardianship over him, which allegedly "caused and continues to cause an extreme unconstitutional deprivation of rights." (*Id.*) Plaintiff asserts one claim of "Deprivation of Rights Under Color of Law." (*Id,* PageID.3.)

## II. STANDARD

Federal Rule of Civil Procedure 8 requires a plaintiff to present in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012) (emphasis removed) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. The court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Barber v. Miller*, 809 F.3d 840, 843 (6th Cir. 2015). Pro se complaints are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "pro se litigants must still comply with the procedural rules that govern civil cases," *Tobias v. Michigan*, No. 18-1892, 2018 WL 8969133, at *1 (6th Cir. Dec. 17, 2018) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011) (Lawson, J.).

### III. DISCUSSION

As "liberally" as it can be read, Plaintiff's complaint is patently frivolous and "based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citation omitted). It woefully fails to allege any plausible violation of law by Defendant. Under Michigan law,[2] a probate court has jurisdiction in guardianship proceedings over individuals residing within the state. Mich. Comp. Laws §§ 700.1103(j); 700.5301b(1); *In re Guardianship of Pobanz,* No. 356546, 2021 WL

---

[2]  To the extent Plaintiff is claiming that he is not bound by Michigan law because he is an "American Autochthon Muur [sic.]" or a "sovereign personam" (ECF No. 1, PageID.5, ECF No.8, PageID.42), "arguments such as these have been uniformly rejected by the federal courts." *Smith v. Heyns*, No. 13-14013, 2014 WL 3687119, at *1, n.1 (E.D. Mich. July 24, 2014) (Cleland, J.); *United States v. Lavigne*, No. 21-20355, 2022 WL 2276331, at *3 (E.D. Mich. June 23, 2022) (Lawson, J.) (citing cases).

3

5859790, at *2 (Mich. Ct. App. Dec. 9, 2021), *appeal denied,* 973 N.W.2d 137 (Mich. 2022) (holding that the probate court had personal jurisdiction over a guardianship proceeding as the ward resided in Michigan). Plaintiff has advanced no colorable argument to dispute his Michigan residency. (ECF No. 1, PageID.1.)[3] Consequently, Defendant was not acting beyond the probate court's authority by retaining jurisdiction over Plaintiff's guardianship proceedings. *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997) (holding that defendant was not "in the clear absence of jurisdiction" because jurisdiction over the underlying actions was granted by statutes). Indeed, she was required to do so. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("It is a judge's duty to decide all cases within h[er] jurisdiction that are brought before h[er], including controversial cases that arouse the most intense feelings in the litigants.").

Additionally, the law entitles judges, like Defendant, to absolute immunity from money-damages suits arising out of their performance of judicial functions. *Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir.2004) (citing *Pierson,* 386 U.S. at 553–54).[4] Absolute

---

[3] In his stricken sur-reply, Plaintiff said that he "has never claimed to 'live in defendant's area'" or "to reside or be domiciled within the State of Michigan or the United States," and "Defendant's continued claim that he 'lives' in her area is a disputed, unproven, [and] unlawful assumption." (ECF No. 10, PagedID.64.) Never claiming to reside in Michigan is not the same as not residing in Michigan. And that an assertion is thought by Plaintiff to be "disputed," "unproven," or "unlawful" does not mean that it is untrue. Plaintiff has not offered any explanation or genuine dispute that he does not reside in Michigan, despite having listed a Michigan address as his contact information and mailing address. *See Horace Mann Ins. v. Stark,* 987 F. Supp. 562, 567 (W.D. Mich. 1997) (saying that in insurance context, Michigan court considers a person's mailing address in making the residency determination) (citing *Williams v. State Farm Mut. Auto. Ins. Co.,* 509 N.W.2d 821, 823 (Mich. Ct. App. 1993)).

[4] Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judicial personnel to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson,* 57 F. App'x 691

judicial immunity applies even "when the judge is accused of acting maliciously and corruptly." *Id.* at 554. As the Supreme Court explained:

> . . . it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

*Id.* (internal quotations omitted). Neither errors on the part of the judge nor actions in excess of her authority defeat absolute judicial immunity. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). This is because:

> H[er] errors may be corrected on appeal, but [s]he should not have to fear that unsatisfied litigants may hound h[er] with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

*Pierson*, 386 U.S. at 554. "Liability to answer to every one who might feel himself aggrieved by the action of the judge. . . would destroy that independence without which no judiciary can be either respectable or useful." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).

Only when a judge acts in a "nonjudicial manner" or in "clear absence of all jurisdiction" will she be subject to liability. *Barnes,* 105 F.3d at 1115–16 (quoting *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991)). But as explained above, Defendant did not act in "clear absence of all jurisdiction." And, adjudicating motions and making statements on the records are "undeniably judicial acts, as they are functions normally performed by a judge." *Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012).

---

(6th Cir.2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti,* 458 F.Supp.2d 439, 446–47 (E.D.Mich.2006) (Rosen, J.); *accord Asubuko v. Royal,* 443 F.3d 302, 304 (3rd Cir.2006); *Hass v. Wisconsin,* 109 F. App'x 107, 113–14 (7th Cir.2004); *Bolin v. Story,* 225 F.3d 1234, 1240–42 (11th Cir.2000).

Similarly, Defendant has Eleventh Amendment immunity for all damages claims against her in official capacity. *Pucci v. Nineteenth Dist. Ct.,* 628 F.3d 752, 764 (6th Cir. 2010) (holding that trial-level courts in Michigan and its judges sued in official capacity were entitled to the immunity protection of the Eleventh Amendment); *Dolan v. City of Ann Arbor*, 407 F. App'x 45, 46 (6th Cir. 2011) (stating *Pucci* is the controlling authority); *Lorenzi v. Lorenzi*, 44 F. App'x 683, 685 (6th Cir. 2002) (holding that county judge and probate court were entitled to judicial immunity and Eleventh Amendment immunity) (citation omitted); *Smith v. Skryzynski*, No. 2:16-CV-12129, 2016 WL 3230701, at *3 (E.D. Mich. June 13, 2016) (Edmund, J.) ("Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, and court clerks who are sued in their official capacities.") (citation omitted); *Victor v. Roscommon Cnty. Prob. Dep't,* No. 11-15143, 2012 WL 1598138, at *1 (E.D. Mich. May 7, 2012) (adopting the recommendations of magistrate judge that claims against court officials, including the county probate court chief judge, be dismissed on the basis of Eleventh Amendment immunity); *Lake v. Granholm,* No. 1:07CV572, 2008 WL 724162, at *10 (W.D. Mich. Mar. 17, 2008) ("The Midland County Probate Court is part of the judicial branch of state government, and its employees are state employees.").

Lastly, the court lacks subject matter jurisdiction to disturb state probate court's guardianship rulings or entertain claims that are "inextricably intertwined" therewith. *See Geller v. Michigan*, No. CV 17-13233, 2019 WL 2150393, at *9 (E.D. Mich. Apr. 26, 2019) (Grand, MJ.), *report and recommendation adopted sub nom. Boucher v. Michigan*, No. 17-13233, 2019 WL 2143202 (E.D. Mich. May 16, 2019) (Lawson, J.)

6

(analyzing the *Rooker-Feldman* abstention doctrine[5] and citing federal authorities dismissing claims inextricably intertwined with state courts' rulings in guardianship proceedings); *see also Carr v. Spencer*, 13 F. App'x 296, 297-98 (6th Cir. 2001) (dismissing complaint for lack of subject matter jurisdiction where the complaint sought federal court review of a state court's guardianship judgment). If Plaintiff wishes to challenge Defendant's rulings in the guardianship proceedings, his appropriate recourse is making timely appeals to the Michigan Court of Appeals, *see* Mich. Ct. R. 5.801, not asking this court to usurp the exclusive jurisdiction over guardianship proceedings of state courts, *see* Mich. Comp. Law § 700.1302(c).

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion for Leave to File Sur-Reply on Respondents' Motion to Dismiss" (ECF No. 11) is DENIED AS MOOT. IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 6) is GRANTED and Plaintiff's complaint (ECF No. 1) is DISMISSED. A separate judgment will be issued.

s/Robert H. Cleland       /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2022

---

[5]   The *Rooker-Felman* doctrine, stemmed from the Supreme Court cases of *Rooker v. Fidelity Trust Company,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462(1983), stands for the proposition that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. Degrandy*, 512 U.S. 997, 1005-06 (1994).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 21, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner         /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-11216.VANCOLLIE.MotiontoDismiss.NH.docx